MURDOCK, Justice
(concurring specially).
I concur. I write separately to be clear that I do not believe that an employee’s “failure to look for work” necessarily prohibits him or her from asserting a claim for damages based on lost wages *388 resulting from an unlawful termination of the employee’s employment under § 25-5-11.1, Ala.Code 1975. Instead, I read the main opinion’s statement regarding such a failure in the present case as simply explaining the nature of the evidence in this particular case and, specifically, the context within which this Court should consider the absence in the record of any evidence indicating that Elaine Dees’s continued unemployment has been caused by the termination of her employment by Guyoungtech USA, Inc.
I also write separately to comment upon the issue of Guyoungtech’s failure to report certain smaller workers’ compensation claims to the company that administers • its workers’ compensation claims. The main opinion correctly notes that Dees’s claim for worker’s compensation benefits, both medical and lost wages, was reported to the administrator and, on this basis, concludes that Guyoungtech’s failure to report other employees’ claims for workers’ compensation benefits was not properly admissible in relation to the issue of punitive damages. I do not wish to be understood as implying that I necessarily agree with the converse proposition, i.e., that had Guyoungtech in fact failed to report Dees’s injury, that failure would have been admissible as a basis for awarding punitive damages.
The gravamen of the claim in this case is the termination of Dees’s employment, not some act or omission by Guyoungtech that resulted in a denial to Dees of worker’s compensation benefits. Accordingly, even if Guyoungtech had failed to report Dees’s injury, that omission would not have been the conduct for which Dees seeks recovery from Guyoungtech in this case. As the main opinion, itself, notes, “ ‘[a] defendant’s dissimilar acts, independent from the acts upon which liability was premised, may not serve as the basis for punitive damages.’ ” 156 So.3d at 385 (quoting State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 422, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003) (emphasis added)).
In addition, in discussing Guyoungtech’s failure to report certain workers’ compensation claims, the main opinion quotes further from State Farm, as follows:
“‘A defendant should be punished for the conduct that harmed the plaintiff, not for being an unsavory individual or business. Due process does not permit courts, in the calculation of punitive damages, to adjudicate the merits of other parties’ hypothetical claims against a defendant under the guise of the reprehensibility analysis....’”
156 So.3d at 385 (quoting State Farm, 538 U.S. at 423 (emphasis added)). I am not persuaded that Guyoungtech’s failure to report certain other workers’ compensation claims warrants the application of such adjectives as “unsavory” and “reprehensible.” The record indicates merely that Guyoungtech made the decision to pay certain smaller workers’ compensation claims out of its own pocket, rather than filing a claim with its insurer (in effect, self-insuring certain claims). Although this may or may not be a technical violation of some workers’ compensation statute or regulation, the fact remains that those claims were indeed paid by Guy-oungtech. Accordingly, I find nothing in this practice, at least as it related to Guy-oungtech’s employees such as Dees, that could be deemed unsavory, reprehensible, or otherwise a basis for a punitive-damages award. More specifically, I find nothing in this conduct to justify a conclusion that Guyoungtech “engaged in oppression, fraud, wantonness, or malice with regard to” any such employee, as would be *389 required for an award of punitive damages under Ala.Code 1975, § 6-11-20(a).[4]

. Nor do I see any relationship in this case between any practice of self-paying small workers’ compensation claims, or being late in filing such claims, and any pattern of terminating the employment of employees who have filed such claims.